**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| CORANDO ALANIZ, JR. | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 1:18cv00297-MAC |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

Pursuant to 28 U.S.C. § 1404(a), Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Motion to Transfer Venue and Brief in Support.

**GROUNDS FOR MOTION AND STATEMENT OF THE ISSUE**

Plaintiff's Original Complaint contains claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B). Liberty Life moves this Court to transfer this action from the Beaumont Division of the Eastern District of Texas to the Houston Division of the Southern District of Texas under 28 U.S.C. § 1404(a), which states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**ARGUMENT AND AUTHORITIES**

**A. Relevant Factors under Section 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred for convenience or in the interests of justice to any judicial "district or division where the action might have been brought." The United States Supreme Court has held that "Section 1404(a) is intended to place

discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), *quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

In ruling on Liberty Life's Motion, "[t]he determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citations omitted). The private concerns are:

1. the plaintiff's choice of forum;
2. the convenience of the parties and material witnesses;
3. the place of the alleged wrong;
4. the cost of obtaining the attendance of witnesses and availability of compulsory process;
5. the accessibility and location of sources of proof; and
6. the possibility of delay and prejudice if transfer is granted.[1]

The Fifth Circuit has identified the following public concerns to be considered:

1. the administrative difficulties flowing from court congestion;
2. the local interest in having localized disputes decided at home;
3. the familiarity of the forum with the law that will govern the case; and
4. the avoidance of unnecessary problems of conflict of laws and the application of foreign law.[2]

---

[1] *Mohaamed v. Mazda Corp.*, 90 F. Supp 2d 757, 771 (E.D. Tex. 2000); *In re Volkswagen AG*, 371 F.3d at 203.
[2] *Id.*

### B. The Balancing of the Factors Weigh Heavily In Favor of Transferring This Case to the Houston Division of the Southern District

#### 1. Plaintiff's Choice of Forum

While the Plaintiff's choice of forum is a factor for consideration, it is "neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) (citations omitted). In fact, "to be considered at all, the Plaintiff's choice of forum must be one that is permitted under the relevant venue statute." *In re Horseshoe Entertainment*, 337 F.3d at 434-435.

It is certainly correct that Plaintiff has chosen to file this suit within the Beaumont Division of the Eastern District, even though he resides in a county encompassed in the Houston Division of the Southern District of Texas.[3] However, as established by the evidence before this Court and further explained below, Plaintiff's choice of forum is the only factor weighing in favor of this action being retained within the Beaumont Division of the Eastern District. Moreover, Plaintiff's place of residence (Fort Bend County within the Houston Division of the Southern District of Texas) is the location where the benefits allegedly owed were to have been paid, and thus, "where the breach took place" (29 U.S.C. § 1132(e)(2)). Therefore, the Houston Division of the Southern District is a venue in which this action "might have been brought," and is a valid location to which to transfer this action. 28 U.S.C. § 1404(a).[4]

The clear intent of the establishment of the four federal judicial Districts of Texas is that a plaintiff will file his or her lawsuit within the District that provides for the correct venue for the matter. To permit a resident of Fort Bend County, whose dispute has nothing to do with any

---

3 Plaintiff is a resident of Rosenberg, Texas. See Complaint at ¶ 2. This address is in Fort Bend County, which is in the Houston Division of the Southern District of Texas. See Appendix at 0354, attached to Exhibit 4, Federal Courts Website Pages. Retrieved from http://www.txs.uscourts.gov/offices/houston-division.

4 A motion seeking to transfer venue under § 1404(a) must request transfer to a venue in which such civil action might have been brought. *In re Volkswagen of America*, 545 F.3d 304, 312-13 (5th Cir. 2008) (en banc).

county or Division in the Eastern District to file litigation in the Eastern District is to allow a complete disregard of the Eastern and Southern District's administrative and local rules with regard to the filing of litigation in their respective Courts. The Eastern and Southern Districts have assigned certain counties to certain Divisions for a reason. If a Fort Bend County resident is permitted to file such an action in any District or Division he chooses, then the very nature and reasons for the establishment of the Districts and Divisions are wholly negated. Accordingly, the factor of this Plaintiff's choice of forum, standing alone, cannot be allowed to maintain an action that should have originally been filed in the Houston Division of the Southern District in the face of Liberty Life's Section 1404(a) Motion to Transfer Venue.

**2. Convenience of the Parties and Witnesses**

This factor heavily weighs in favor of transferring this case to the Houston Division of the Southern District. Plaintiff resides in Rosenberg, Fort Bend County, Texas.[5] His residence is 32 miles from the federal courthouse in Houston,[6] but 119 miles from the Beaumont courthouse.[7] Liberty Life's corporate representatives and personnel involved in Alaniz's claim are located outside of Texas and do not reside in this District or in the State and will be required to fly to travel to the Houston or Beaumont courthouse. However, any person traveling by air to reach the courthouses will be more inconvenienced by being forced to travel to Beaumont, which is 79 miles from the Intercontinental Airport Houston ("IAH"),[8] than in traveling to the Houston Courthouse, which is only 20 miles from IAH.[9] Moreover, it is well known that the frequency

---

[5] To protect Plaintiff's privacy and in accordance with this Court's procedures, the specific street number of Plaintiff's address is not listed here. However, the Plaintiff admits in his Complaint that he resides in Rosenberg, Texas. See Complaint at ¶ 2.

[6] Appendix at 008, attached to Exhibit 3, Mapquest Website Pages.

[7] Appendix at 009, attached to Exhibit 3, Mapquest Website Pages.

[8] Appendix at 010-011, attached to Exhibit 3, Mapquest Website Pages.

[9] Appendix at 012-013, attached to Exhibit 3, Mapquest Website Pages.

and efficiency of the air service into and out of IAH is far superior to that of the Beaumont airport, which only has flights by American Airlines.[10]

Plaintiff's primary physicians with regard to his claim for benefits were Christian Peccora, M.D., whose business address is 17510 West Grand Parkway, Sugar Land, Texas;[11] Nicolas Maher Nammour, M.D., whose business address is 18300 Katy Freeway, Houston, Texas;[12] Rahul Prakash, M.D., whose business address is 902 Frostwood Drive, Houston, Texas;[13] Victor Knopp, M.D., whose business address is 2211 Fry Road, Katy, Texas;[14] and Ioannis Skaribas, M.D., whose business address is 777 S. Fry Road, Katy, Texas.[15] The distance from Dr. Peccora's office to the to the Houston courthouse is 29 miles,[16] but it is 115 miles from Dr. Peccora's office to the Beaumont courthouse.[17] The distance from Dr. Nammour's office to the to the Houston courthouse is 23 miles,[18] but it is 109 miles from Nammour's office to the Beaumont courthouse.[19] The distance from Dr. Prakash's office to the to the Houston courthouse is 13 miles,[20] but it is 99 miles from Dr. Prakash's office to the Beaumont courthouse.[21] The distance from Dr. Knopp's office to the to the Houston courthouse is 24 miles,[22] but it is 110

---

10 Appendix at 007, Exhibit 2, Jack Brooks Regional Airport – Flights. Retrieved from https://flysetx.com/airlines-flights/.

11 Appendix at 006, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-006).

12 Appendix at 006, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-006).

13 Appendix at 005, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-006).

14 Appendix at 006, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-006).

15 Appendix at 006, attached to Exhibit 1, Affidavit of Paula McGee (App. 001-006).

16 Appendix at 014-015, attached to Exhibit 3, Mapquest Website Pages.

17 Appendix at 016, attached to Exhibit 3, Mapquest Website Pages.

18 Appendix at 017, attached to Exhibit 3, Mapquest Website Pages.

19 Appendix at 018, attached to Exhibit 3, Mapquest Website Pages.

20 Appendix at 019-020, attached to Exhibit 3, Mapquest Website Pages.

21 Appendix at 021, attached to Exhibit 3, Mapquest Website Pages.

22 Appendix at 022-023, attached to Exhibit 3, Mapquest Website Pages.

miles from Dr. Knopp's office to the Beaumont courthouse.[23] The distance from Dr. Skaribas' office to the to the Houston courthouse is 23 miles,[24] but it is 109 miles from Dr. Skaribas' office to the Beaumont courthouse.[25]

Houston is a more convenient venue for all the parties and witnesses[26] in this action. Accordingly, this factor weighs heavily in favor of a transfer to Houston Division of the Southern District.

### 3. Place of the Alleged Wrong

The location where the benefits allegedly owed were to have been paid, and thus, the alleged wrong occurred, is where the Plaintiff resides, in Fort Bend County and within the Houston Division of the Southern District.[27] Therefore, this factor weighs in favor of a transfer of this action to the Houston Division of the Southern District.

### 4. Cost of Obtaining Attendance of Witnesses

The factor regarding the cost of obtaining witness attendance mirrors the consideration of the factor concerning convenience of the witnesses. Those witnesses located in the State (including Dr. Peccora, Dr. Nammour, Dr. Parkash, Dr. Knopp, and Dr. Skaribas) will have to travel approximately 86 miles further to arrive at the Beaumont courthouse rather than the Houston courthouse.[28] Accordingly, the mileage fee paid to local witnesses will be higher if the case is maintained in Beaumont. Therefore, this factor also favors transfer of the case to Houston.

---

23 Appendix at 024, attached to Exhibit 3, Mapquest Website Pages.

24 Appendix at 025-026, attached to Exhibit 3, Mapquest Website Pages.

25 Appendix at 027, attached to Exhibit 3, Mapquest Website Pages.

26 Plaintiff's Complaint seeks a *de novo* review in this action. Plaintiff's Original Complaint at ¶ 8. By filing this Motion, Liberty Life is not admitting that *de novo* review is appropriate in this action.

27 Plaintiff is a resident of Rosenberg, Texas. See Complaint at ¶ 2.

28 Appendix at 008-027, attached to Exhibit 3, Mapquest Website Pages.

### 5. Accessibility and Location of Sources of Proof

Other than the witnesses, the other sources of proof in this matter are documents, which can be transported as needed. Therefore, this factor is neutral.

### 6. Possibility of Delay and Prejudice if Transfer is Granted

As Liberty Life filed this Motion contemporaneously with the filing its Answer in this action, there will be no delay or prejudice if this case is transferred to the Houston Division of the Southern District, and this factor is neutral.

### 7. Administrative Difficulties Flowing from Court Congestion

The official United States statistics gathered on civil cases in federal courts reflect that the Eastern District of Texas had 4,006 civil cases pending as of March 31, 2017, and the Southern District of Texas had 5,303 civil cases pending as of that same date.[29] However, the Southern District has 25 District Judges,[30] which means there are 212.12 civil cases per District Judge. The Eastern District only has 7 District Judges,[31] which means there are 572.29 civil cases per District Judge. This imbalance in the number of civil cases per judge clearly reflects that this factor weighs in favor of transfer of the case to the Southern District, in which the District Judges have less than half the number of civil cases than do the District Judges in the Eastern District.

---

[29] Appendix at 028-030, attached to Exhibit 4, Federal Courts Website Pages. U.S. District Courts – Civil Cases Commenced, Terminated, and Pending. Retrieved from http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c1_0331.2017.pdf.

[30] Appendix at 031-033, attached to Exhibit 4, Federal Courts Website Pages. Southern District Judges. Retrieved from http://www.txs.uscourts.gov/district/district-judges-procedures-schedules.

[31] Appendix at 035, attached to Exhibit 4, Federal Courts Website Pages. Eastern District Judges. Retrieved from http://www.txed.uscourts.gov/?q=eastern-district-judges.

### 8. Local Interest in Having Localized Disputes Resolved at Home

The citizens of the counties encompassed by the Beaumont Division of the Eastern District clearly have no interest in litigation concerning a citizen of Fort Bend County. The greater interest in this litigation is by the citizens of the Houston Division of the Southern District, in which Fort Bend County is included. *In re Volkswagen of America*, 545 F.3d at 316. Accordingly, this factor weighs in favor of transferring this action to the Houston Division of the Southern District.

### 9. Familiarity of the Forum with the Law that Will Govern the Case and Avoidance of Unnecessary Problems with Conflicts of Laws

As both the Southern and Eastern District Courts in all of the relevant Divisions are clearly familiar with the law and reside within the same State, this factor is neutral.

## CONCLUSION

With only one factor (Plaintiff's choice of forum) weighing in favor of retaining this case in the Beaumont Division of the Eastern District, and five factors weighing heavily in favor of transferring this case to the Houston Division of the Southern District, it would be an abuse of discretion for this Court to refuse to transfer the case to the Houston Division of the Southern District under Section 1404(a). Where "there is no relevant factual connection to the Marshall division," the standard under Section 1404(a) has been met. *In re Volkswagen of America*, 545 F.3d at 317. See also, *Quality Infusion Care, Inc. v. Connecticut General Life Ins. Co.*, No. 1:10-CV-233 (E.D. Tex, April 10, 2013) ("transfer is warranted" when "there is little connection to the Eastern District of Texas in this case that is relevant to Plaintiff's asserted claims.") (copy attached). "When the movant demonstrates that the transferee venue is clearly more convenient, . . ., it has shown good cause and the district court should therefore grant the transfer." *Green v. Nationwide Mutual Insurance Co.*, No. 2:11-CV-226-KS-MTP (S.D. Miss. March 29, 2012)

(copy attached). Additionally, the transfer of this case from the Beaumont Division of the Eastern District will facilitate orderly forum selection by future plaintiffs in accordance with the Eastern and Southern Districts' venue provisions that are applicable to each District. Accordingly, the Court should grant Liberty Life's Motion and transfer this case. *See*, *Arment v. J.C. Penney Corp., Inc.*, No 2:15-CV-2071 (E.D. Tex., July 25, 2016); *Jones v. Hartford Life and Accident Ins. Co.*, No 2:08-CV-182 (E.D. Tex., February 11, 2009); *Shepard v. Hartford Life and Accident Ins. Co.*, No 2:09-CV-162 (E.D. Tex., Aug. 27, 2009) (copies attached).

## PRAYER

Liberty Life requests that this Court grant its Motion to Transfer Venue, transfer this matter to the Houston Division of the Southern District of Texas, and grant Liberty Life such other relief to which it may show itself justly entitled.

Dated this 1st day of August, 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On August 1, 2018, Iwana Rademaekers, counsel for Defendant, communicated with counsel for Plaintiff, Anthony Vessel, via telephone regarding the filing of this Motion. Iwana Rademaekers and Anthony Vessel also sent e-mails to each other about the subject of the Motion on July 20 and 31, 2018. Although counsel conferred in good faith, Plaintiff would not agree to a transfer of this action to the Houston Division of the Southern District of Texas and opposes this Motion. Accordingly, the good faith discussions between counsel have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ Iwana Rademaekers
Iwana Rademaekers

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Marc S. Whitehead
Email: marc@marcwhitehead.com

J. Anthony Vessel
Email: anthony@marcwhitehead.com

Britney Anne Heath McDonald
Email: britney@marcwhitehead.com

Madison Tate Donaldson
Email: madison@marcwhitehead.com

August 1, 2018 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers