**West Employee Benefits Cases**

# Michael Green, Plaintiff v. Nationwide Mutual Insurance Company, et al., Defendants., 03/29/2012

GREEN v. NATIONWIDE MUTUAL INSURANCE COMPANY

**Docket:** 2:11-CV-226-KS-MTP

**Cite:** 2012 WL 12884580

**Court:** United States District Court, S.D. Mississippi, Hattiesburg Division.

**Date:** 03/29/2012

## MEMORANDUM OPINION AND ORDER

**Judge:** Keith Starrett, UNITED STATES DISTRICT JUDGE

**[*pg. 1]** For the reasons stated below, the Court **grants** Defendants' Motion to Transfer [12] this case to the Jackson Division of this Court.

## *A. Background*

Plaintiff filed this ERISA case in the Hattiesburg Division of this Court, despite the fact that he lives and worked in or around Jackson, Mississippi. Additionally, Plaintiff's counsel and Defendants' local counsel maintain their law offices in Jackson, Mississippi, and both Plaintiff's and Defendants' physician witnesses maintain their offices within the Jackson Division. Indeed, Plaintiff has not provided the Court with any reason whatsoever for his filing the case in Hattiesburg, beyond his obvious desire that the

case be tried here.

## *B. Divisional Venue*

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2) A plaintiff was once required to file his civil action in the division where he resides, but Congress repealed the divisional venue statute in 1988. 28 U.S.C. § 1393(a), *repealed by* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, Title X, § 1001(a), 102 Stat. 4642, 4664. Some authorities have interpreted Congress's action as granting greater discretion to district courts:

[T]he purposes of the repeal of divisional venue were to provide the courts with greater flexibility to accommodate the convenience of the parties and promote the efficient delivery of judicial services. The repeal was not intended to act as a prohibition against districts distributing their business by a divisional venue process. If Congress had intended to prohibit divisional venue, they would not have merely repealed the requirement of divisional venue, but would have explicitly prohibited it. Because the repeal was not for the purpose of prohibiting divisional venue, but rather not requiring it, a district may, if it chooses, distribute its business through a divisional process. Thus, where divisional venue is mandated by local rule those mandates must be complied with. On the other hand, where local rules are silent, there is no longer any requirement in federal civil cases that venue be laid in a particular division within a district.

32A AM. JUR. 2d Federal Courts § 1190 (2012).

The Local Rules provide the various division sites and the counties falling within each division for the Northern and Southern Districts. The parenthetical "( Venue)" was included underneath the heading " **DIVISION SITES AND COUNTIES**" *See also* 28 U.S.C. § 104 Accordingly, Defendants argue that the Local Rules and 28 U.S.C. § 104(b) constitute a de facto divisional venue rule. Both the Northern District and the Southern District have used language consistent with this view. *See Arnold v. Brookway Corp.,* No. 2:09-CV-205-KS-MTP, 2010 U.S. Dist. LEXIS 56701, at [*pg. 2] (S.D. Miss. May 10, 2010) ("Under the venue rules of this court, this matter should have been filed in the Jackson Division."); *Williams v. City of Cleveland,* No. 2:10-CV-215-SA-JMV, 2012 U.S. Dist. LEXIS 8307, at [*pg. 22] (N.D. Miss. Jan. 25, 2012) ( venue was proper in the Delta Division of the Northern District because that division encompasses Bolivar County); *Homebuilders Ass'n of Miss., Inc. v. City of Brandon,* 640 F. Supp. 2d 835, 837 (S.D. Miss. 2009) (In Jackson Division case, venue was appropriate "because all of the events of omissions giving rise to the subject claims occurred in the City of Brandon, Mississippi, which is located in the Southern District of Mississippi, Jackson Division.").

**[*pg. 2]** Therefore, the undersigned agrees with Defendant. The Local Rules' listing of divisional sites and counties includes the plain heading "( Venue)." Although that is not as clear as an explicit divisional

venue rule would be, the undersigned does not recall any litigant prior to Plaintiff disputing that, at the very least, this Court has a divisional venue policy.

## *C. Section 1404(a)*

Additionally, this Court has previously applied Section 1404(a) to determine the propriety of an intra-district transfer. *See Parsons v. Pearl River Cnty.,* No. 2:09-CV-72-KS-MTP, 2009 U.S. Dist. LEXIS 51128, at [*pg. 5] (S.D. Miss. June 9, 2009); *Saucier v. Bridgestone/Firestone N. Am. Tire, LLC,* No. 5:08-CV-151-DCB-JMR, 2009 U.S. Dist. LEXIS 10443, at [*pg. 3] (S.D. Miss. Jan. 29, 2009). District courts "have broad discretion in deciding whether to order a transfer" pursuant to 28 U.S.C. § 1404(a) *In re Volkswagen of Am.,* 545 F.3d 304, 311 (5th Cir. 2008) (punctuation omitted). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) The first question under Section 1404(a) is whether the case "might have been brought in the destination venue." *In re Volkswagen of Am.,* 545 F. 3d at 312. In the present case, it is undisputed that the case might have been brought in the Jackson Division.

Next, the party seeking a transfer must show "good cause." *Id.* at 315. Good cause has been defined in the following manner:

When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice. Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.* (punctuation and footnote omitted) To determine whether the transferee venue is clearly more convenient than the plaintiffs chosen venue, the Court looks at various factors impacting the private and public interests at play in the case. *Id.*

The private interest factors are: (1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* (punctuation and citations omitted). While these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and none of them possesses "dispositive weight." *Id.*

**[*pg. 3]** This is an ERISA case. Typically, ERISA cases are decided on the basis of the administrative record. *See Crosby v. La. Health Serv. & Indem. Co.,* 647 F.3d 258, 263-64 (5th Cir. 2011). However, Plaintiff has sought permission to conduct limited discovery as to (1) the existence of a conflict of interest arising from Defendants' dual role as the entity which funds the Plan and also makes benefits determinations; (2) the internal consistency of the administrator's interpretation of the Plan; and (3) the factual background of the benefits determination. In light of Plaintiff's request for discovery, the Court believes that the private interest factors listed above demonstrate that the Jackson Division would be a clearly more convenient venue for this action.

For all the reasons stated above, the Court **grants** Defendants' Motion to Transfer Venue [12]. This case shall be immediately transferred to the Jackson Division.

SO ORDERED AND ADJUDGED this 29th day of March, 2012.

## All Citations

Slip Copy, 2012 WL 12884580

Miss.,2016

Green v. Nationwide Mutual Insurance Company

Slip Copy (Miss.)

© 2016 Thomson Reuters. No Claim to Orig. US Gov. Works.

© 2018 Thomson Reuters/West

© 2018 Thomson Reuters/Tax & Accounting. All Rights Reserved.

**West Employee Benefits Cases**

# QUALITY INFUSION CARE, INC., Plaintiff, v. CONNECTICUT GENERAL LIFE INS. CO., Individually and d/b/a CIGNA. et al, Defendants., 04/10/2013

QUALITY INFUSION CARE INC., PLAINTIFF, v. CONNECTICUT...

**Docket:** 1:10-CV-233

**Cite:** 2013 WL 12221445

**Court:** United States District Court, E.D. Texas, Beaumont Division.

**Date:** 04/10/2013

## Counsel

04/09/2013

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

**Judge:** KEITH F. GIBLIN UNITED STATES MAGISTRATE JUDGE

**[*pg. 1]** Plaintiff Quality Infusion Care, Inc. filed this case against Defendants Connecticut General Life Insurance Co., Individually and d/b/a CIGNA *et al*, asserting claims for breach of contract, promissory estoppel, and negligent misrepresentation in connection with Defendants' alleged failure to fully reimburse Plaintiff for certain drugs and healthcare services. The case was referred to the undersigned for determination of non-dispositive pretrial matters pursuant to 28 U.S.C. § 636 Defendants now move to transfer the case to the United States District Court for the Southern District of Texas pursuant to 28

U.S.C. § 1404(a), for the convenience of the parties. For the reasons discussed below, the court grants the motion to transfer.

# I. BACKGROUND

## A. Procedural History

Plaintiff originally filed suit against Defendants in Texas state court. Defendants removed the case on April 23, 2010, on both federal question and diversity grounds. Defendants stated that federal question jurisdiction existed because Plaintiff's claims arose under the Employee Retirement Income Security Act of 1974, **29 U.S.C. § 1001** *et seq* (" ERISA"), and that diversity jurisdiction existed because the parties were citizens of different states and the amount in controversy exceeded $75,000. No party disputes that diversity jurisdiction exists, although they do continue to dispute whether Plaintiff's claims are governed by ERISA. Doc. # 14. A Scheduling Order was entered, but later vacated when the court stayed the case after Plaintiff filed for bankruptcy.

The stay was lifted on December 12, 2012, and a new Scheduling Order entered setting trial for October 2013. Defendants filed the instant motion to transfer on January 23, 2013. Plaintiff filed an amended Complaint the same day. Doc. # 41.

## B. Plaintiff's January 23, 2013 Amended Complaint

According to Plaintiff's January 23, 2013 amended Complaint, it is a pharmacy that fills prescriptions for in-network healthcare providers. Defendants are health insurance companies. Plaintiff alleges that in four instances-twice with Defendant Cigna and twice with Defendant Blue Cross/Blue Shield-it obtained pre-approval either orally or in writing before purchasing drugs and providing healthcare services to patients. Relying on these representations, Plaintiff purchased and administered expensive drugs to patients. Plaintiff then sent Defendants bills for the drugs and services, but, even though they never contested coverage, Defendants paid only a portion of the bill.

Plaintiff's amended Complaint is very clear that it does not assert claims, or seek any remedy, under ERISA. Instead, Plaintiff states that Defendants' actions constitute breach of an implied contract, promissory estoppel, and negligent misrepresentation.

## C. Defendants' Motion to Transfer

Defendants seek to transfer this case to the United States District Court for the Southern District of Texas for the convenience of the parties, noting: (1) Plaintiff's bankruptcy case was filed in the Southern District and the case is still pending; (2) counsel for all parties is located in the Southern

District; (3) Defendants do not maintain offices in the Eastern District of Texas; (4) Plaintiff's records and former employees who may be called as witnesses reside in the Southern District; and (5) the Southern District is more convenient for party witnesses. Doc. # 40.

**[*pg. 2]** Plaintiff's primary argument in opposition is that the case could not have originally been brought in the Southern District. Plaintiff also suggests that Defendants have not carried their burden to demonstrate that the Southern District is a more convenient venue, pointing out that at the time of the events underlying the suit, Plaintiff maintained four infusion suites in the Eastern District, that most of their patients were residents of the Eastern District, that the services in question were ordered by Eastern District physicians, and that Plaintiff's contractual damages are based on the reasonable and customary charges where the services were provided.

## II. APPLICABLE LAW

28 U.S.C. § 1404(a) provides that a district court may transfer a civil action to any district in which it might have been brought "[f]or the convenience of parties and witnesses" and "in the interests of justice." The goal of Section 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). Defendants bear the burden of proof of showing that the transferee venue is "clearly more convenient" than the venue chosen by PPC. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049, 124S. Ct. 826 (2003). If so, the court's analysis turns to the convenience of the parties and the witnesses. *In re Volkswagen* , 545 F.3d at 315 This determination involves examining several private and public interest factors, none of which are given dispositive weight individually. *Id.*

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors consist of: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* Plaintiff's choice of forum is not an independent factor, and is taken into account only insofar as it places the burden on the Defendants to show "good cause" for the transfer. *Id.* at 314, n.10.

## III. DISCUSSION

## A. This Case Could Have Been Brought in the Southern District of Texas

Defendants' original motion states that the case could have been brought in the Southern District of Texas in the first instance, citing to both 28 U.S.C. § 1391(b)(2) and **29 U.S.C. § 1132(e)(1)** , (2). Plaintiff's motion argues that this is not an ERISA case, so Section 1132(e) is not relevant, and that Defendants have submitted no evidence that would satisfy the requirements of Section 1391(b)(2). Leaving aside the question of whether this is an ERISA case or not-a question which the court need not answer to resolve this motion-the court concludes that there is sufficient evidence in the record to conclude that this case could have been brought in the Southern District in the first instance pursuant to Section 1391(b)(2).

Section 1391(b)(2) states that a civil action may be brought in the district: (1) "in which a substantial part of the events or omissions giving rise to the claim occurred," or (2) in which "a substantial part of property that is the subject of the action is situated." The more applicable provision under the facts of this case is the first.

**[*pg. 3]** Plaintiff itself states in the amended Complaint that it is a corporation "that during the time period at issue did business in Houston, Harris County, Texas and Jefferson County, Texas." Doc. # 41 at ¶ 1. Houston/Harris County is within the Southern District of Texas. Defendant Cigna submitted documentation that: (1) when it sent correspondence to Plaintiff denying full payment of the claims Plaintiff's suit complains of, it sent the correspondence to Plaintiff at an address in Houston, Texas; (2) that the claims paperwork Plaintiff submitted to Cigna cited a Houston address as belonging to Plaintiff; and (3) that checks were cut to Plaintiff that cited a Texas address for Plaintiff. Doc. # 46-2 at Page ID# 654-60. While Plaintiff may have maintained treatment centers in the Eastern District during the events underlying this suit, all paperwork and correspondence in the record indicates that Plaintiff ran its business in the Southern District.

Plaintiff's amended Complaint is also very careful to state that it does not "assert any rights by way of assignment," in connection with the stated claims for breach of implied contract, promissory estoppel, and negligent misrepresentation. These claims focus on interactions between Plaintiff and Defendants, which, as evidenced by the paperwork and correspondence, seem to have been conducted from Plaintiff's Houston office. The location of Plaintiff's treatment centers and patients within the Eastern District is somewhat tangential to the claims being asserted.

Given the evidence in the record, the court finds that Defendants have demonstrated that a "substantial part of the events or omissions giving rise to" Plaintiff's claims occurred in the Southern District of Texas, making venue proper in the first instance in that District.

## B. The Private Interest Factors Favor Transfer to the

## Southern District of Texas

1. *The relative ease of access to sources of proof*

Plaintiff argues that it maintained four infusion suites in the Eastern District of Texas, that the majority of its patients were residents of the Eastern District of Texas, that the services rendered were ordered by Eastern District physicians, and that its contract damages revolve around what charges are reasonable and customary in the Eastern District where the services were rendered. Defendants counter that Plaintiff maintains its records in the Southern District, and suggests that to the extent any relevant proof is in the custody of the parties' attorneys, all attorneys are located in Houston.

Plaintiff points to absolutely no documents present in the Eastern District. In fact, Plaintiff is very careful not to state in its response that it still maintains any treatment suits in the Eastern District at all. Doc. # 44 at 4 ("During the time period at issue, Plaintiff maintained three (3) infusion suites in Beaumont and one (1) in Port Arthur."). Given Plaintiff's ongoing bankruptcy in the Southern District, it would be surprising if Plaintiff had documents in other locations.

As discussed above, given that Plaintiff's claims center around communications between itself and Defendants-who are undisputedly maintain no office or presence in the Eastern District- it misses the point to say that patients and doctors located in the Eastern District should be taken into account as sources of proof. Plaintiff is not saying, for example, that it was not paid because Defendant did not believe the treatments to have been administered, which might require evidence from doctors or patients. Plaintiff disclaims any possibility that this is an ERISA case, or that it is pursuing a claim under an assignment from a patient. Given that, the location of doctors and patients in the Eastern District is of little import outside, perhaps, limited physician affidavits or testimony on what is reasonable and customary in the Eastern District.

This factor weighs in favor of transfer.

2. *The availability of compulsory process to secure the attendance of the witnesses*

**[*pg. 4]** Under Federal Rule of Civil Procedure 45(b)(2), a court's power to issue a deposition or trial subpoena extends to any witness who resides in the district or within 100 miles of where the deposition or trial is held. While the court's subpoena power is subject to Rule 45(c)(3), a witness can nevertheless be compelled to attend trial from anywhere within the state in which the trial is held. *See* Rule 45(c)(3)(A)(ii); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). The court's subpoena powers under Rule 45 are applied specifically to third-party witnesses. *In re Volkswagen* , 545 F.3d at 316; *Emanuel v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322 at [*pg. 5] , n.2 (E.D. Tex. Sept. 21, 2009). Therefore, the court can discount any current employee of the parties when analyzing this factor.

Defendants allude to the fact that Plaintiff likely has former employees in the Houston area that might be needed as witnesses, but provide no specific names. It is also likely that this court would have deposition subpoena powers over these former employees, as many areas of Houston are less than

100 miles from Beaumont should depositions be held here. The court would certainly have trial subpoena power over any witnesses in the state of Texas.

On the other hand, Plaintiff provides no evidence on this factor at all, and does not dispute Defendants' statement that non-party former employees would be located in the Southern District. And the court discussed *supra* why non-party patients and doctors located in the Eastern District would have little relevance as witnesses to this suit.

This factor weighs in favor of transfer; however, given Defendants' failure to specifically identify any non-party former employee of Plaintiff, it does so only slightly.

3. *The cost of attendance for willing witnesses*

Because the Southern District of Texas, Houston Division is less than 100 miles from Beaumont, Texas as the crow flies **1** , the Fifth Circuit's "100 mile" rule will not apply. *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004) ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

Again, Plaintiff provides no evidence on this factor. As discussed *supra*, given the fact that Plaintiff seems to conduct its business in Houston, Plaintiff's employees are more likely to be located in the Southern, rather than the Eastern, District. However, the court gives little weight to Defendants' party witnesses: because Defendants do not maintain a presence in the Southern or Eastern Districts, their employees will have to travel regardless of which location the trial is held in. Inconvenience is not magnified in traveling to the Southern versus the Eastern District, since the 100 mile rule does not apply in this case.

On balance, this factor weighs slightly in favor of transfer.

4. *All other practical problems that make trial of a case easy, expeditious, and inexpensive*

Neither side focuses on this factor, or presents any evidence of practical problems. This factor is therefore neutral.

## C. The Public Interest Factors Favor Transfer to the Southern District of Texas

1. *The administrative difficulties caused by court congestion*

**[*pg. 5]** Although no party mentions this factor, the court does note that the time to trial for civil cases for the fiscal year ending September 2012 was longer in the Eastern District (24.8 months) than in the Southern District (19.0 months). **2** The weighted filings per judgship for that period were almost twice in the Eastern District what they are in the Southern District. Even given the fact that trial is set for October 2013 in this case, the parties may nevertheless reach final disposition at a comparable or even faster rate if the case were to be transferred. This factor therefore weighs somewhat in favor of transfer.

2. *The local interest in adjudicating local disputes*

The citizens of the Southern District of Texas have an interest in this case, as Plaintiff's place of business is located there. On the other hand, Plaintiff no longer seems to have any facility in the Eastern District of Texas and, as discussed above, Plaintiff's claims do not seem to directly involve the interests of any doctors or patients located in the Eastern District. On balance, this factor weighs in favor of transfer.

3. *The familiarity of the forum with the law that will govern the case*

The courts of the Southern District of Texas handle a docket of complex civil and criminal cases, as do the judges in the Eastern District of Texas. This factor is neutral.

4. *The avoidance of unnecessary problems in conflict of laws*

Regardless of whether Plaintiff's claims sound in federal ERISA law or Texas state law- a question the court need not resolve in ruling on this motion-there is no conflict of laws problem. This factor is neutral.

## IV. CONCLUSION

After careful analysis of the private and public interest factors, the court concludes that transfer is warranted. In reaching this conclusion, the court emphasizes that there is little connection to the Eastern District of Texas in this case that is relevant to Plaintiff's asserted claims.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer Venue [Doc. # 40] is GRANTED. This case is TRANSFERRED to the United States District Court for the Southern District of Texas.

## SIGNED this the 9th day of April, 2013.

## All Citations

Slip Copy, 2013 WL 12221445

Tex.,2017

QUALITY INFUSION CARE INC., Plaintiff, v. CONNECTICUT...

Slip Copy (Tex.)

© 2017 Thomson Reuters. No Claim to Orig. US Gov. Works.

1 Fifth Circuit precedent indicates that for purposes of computing distance, the proper measure is the

straight line, "as the crow flies" mode of calculation. *See, e.g., Sprow v. Hartford Ins. Co.*, 594 F.2d 412, 417-18 (5th Cir. 1979).

**2** The court takes judicial notice of these statistics, which are available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx

© 2018 Thomson Reuters/West

© 2018 Thomson Reuters/Tax & Accounting. All Rights Reserved.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DEBRA ARMENT | § | |
| | § | |
| v. | § | Case No. 2:15-CV-2071-JRG-RSP |
| | § | |
| J. C. PENNEY CORP., INC., ET AL. | § | |

**ORDER GRANTING TRANFER OF VENUE**

Currently before the Court is the Defendants' Motion to Transfer Venue (Dkt. No. 6) and the opposition thereto. Considering the early procedural status of this case and the contacts of both Plaintiff and Defendants with this Division and the other District and Division at issue, and applying the current Fifth Circuit jurisprudence as set out in *In re Volkswagen of America*, 545 F.3d 304 (5th Cir. 2008) and following cases, the motion is GRANTED, and

IT IS ORDERED that this action be transferred to the Sherman Division of this Court and reassigned by the Clerk to the appropriate judicial officers.

**SIGNED this 25th day of July, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MELANIE JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY F/K/A HARTFORD LIFE GROUP INSURANCE COMPANY,** | § § § § | **CIVIL ACTION NO. 2:08-CV-182** |
| | § | |
| **Defendant.** | § | |

**O R D E R**

Before the Court are Hartford's Motion to Transfer Venue (Dkt. No. 11), Jones' Response (Dkt. No. 17), Hartford's Reply (Dkt. No. 18), and Jones' Sur-Reply (Dkt. No. 20). After reviewing the pleadings and case law as it applies to the specific facts of this case, the Court finds Hartford's Motion should be **GRANTED**.

## I. BACKGROUND

This is an Employee Retirement Income Security Act (ERISA) case brought by Jones for benefits under a disability policy written by Hartford. Dkt. No. 17, at 1. Hartford filed the present motion on June 18, 2008. *Id.* Because the Fifth Circuit was, at that time, dealing with a case—*In re Volkswagen*[1]—that could potentially (and eventually did) change the law regarding transfers for convenience, this Court delayed its ruling until the Fifth Circuit entered its final ruling.

---

[1] The *Volkswagen* case spent some time with the Fifth Circuit. Initially, a three-judge panel affirmed the district court. *In re Volkswagen* (*Volkswagen II*), 223 Fed. App'x. 305 (5th Cir. 2007). Then, another panel reheard the case and reversed the district court. *In re Volkswagen*, 506 F.3d 376 (5th Cir. 2007). Then, the Fifth Circuit granted rehearing *en banc* and vacated its previous opinion and mandate. *In re Volkswagen*, 517 F.3d 785 (5th Cir. 2008). Finally, the Fifth Circuit issued an *en banc* opinion, essentially in accord with the vacated second panel decision. *In re Volkswagen* (*Volkswagen III*), 545 F.3d 304 (5th Cir. 2008) (*en banc*).

## II. LEGAL PRINCIPLES

Title 28, United States Code, Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although there was at one time some question as to whether section 1404 applied to intra-district, as opposed to inter-district, transfers, the Fifth Circuit has recently held, without discussion, that it does. *In re Toyota Motor Corp.*, No. 08-41323 (5th Cir. Dec. 19, 2008) ("It makes no difference, in this case, that the requested transfer is within the district.").

Section 1404(a) presupposes that the action has been brought in a proper venue but authorizes its transfer to another proper district that is more suited to the convenience of witnesses and the needs of justice. The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particular case. *In re Triton*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause" that transfer is appropriate. *Volkswagen III*, 545 F.3d at 314 ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and *clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *Id.* at 312-13. After such a determination, the district court must then consider and balance the convenience of the parties in both venues. *Id.* at 314-16; *see also Bolt v. Toyota Indus. Corp*., 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004) (Davis, J.).

This balancing of conveniences involves of examination of several private and public interest factors, none of which has dispositive weight. *Volkswagen III*, 545 F.3d at 315. The private factors address (1) the availability of sources of proof, (2) the court's ability to secure witnesses' attendance, (3) the expense associated with witnesses' attendance, and (4) all other factors relevant in conducting an expeditious and inexpensive trial. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501(1947)). The public convenience factors address (1) administrative issues and the congestion of the courts' dockets, (2) the local interest in deciding the dispute, (3) the courts' familiarity with the controlling law, and (4) the potential conflicts of law issues that may arise. *Id.*

## III. PARTIES POSITIONS & DISCUSSION

As an initial matter, the Court notes that this is an intra-district transfer. Therefore, this case could properly have been brought in the Sherman Division of the Eastern District of Texas, Hartford's proposed transferee venue. The primary dispute this Court must resolve is which division is more convenient to the parties and their witnesses. The Court also notes that the parties' briefing considered the plaintiff's choice of forum to be a separate factor in the transfer analysis. Given the Fifth Circuit's subsequent guidance in *Volkswagen*, the Court will not consider the plaintiff's choice of forum as a separate factor.

Hartford contends that it would be an abuse of discretion not to transfer this case because all non-neutral factors weigh in favor of transfer. Dkt. No. 18, at 3. Hartford first argues that the cost of attendance by witnesses will be much less in Sherman than in Marshall. Dkt. No. 11, at 4, 6. Hartford notes that Jones resides in Collin County, approximately 44 miles from the Sherman courthouse but 166 miles from the Marshall courthouse. *Id.* at 4. Hartford admits its corporate representatives reside in Connecticut but contends Sherman will be much less expensive and more convenient due to the proximity to the DFW airport. *Id.* Hartford next notes that Jones' physician, who signed her claim for benefits, resides 60 miles from Sherman but 160 miles from Marshall. *Id.* at 5. Additionally, the local physician that reviewed Jones' records on behalf of Hartford resides in Red Oak, Texas, some 83 miles from Sherman and 160 miles from Marshall. *Id.* As to the sources of proof and local interest factors, Hartford argues that the location where the benefits were allegedly owed is where Jones resides, within the Sherman Division. *Id.* Further, Hartford argues the citizens of Collin County, where Jones resides, have a greater interest in the resolution of this dispute than do the citizens of the Marshall Division. *Id.* at 6. Hartford contends all other factors are neutral. *Id.* at 6-7.

Jones contends, on the other hand, that ERISA cases should be handled differently in transfer analysis because ERISA has a separate venue provision that requires the Court to give more weight to Jones' choice of forum. Dkt. No. 17, at 1, 4. Jones further argues that even if the ERISA venue provision makes no difference, Hartford has failed to show that the transferee venue is clearly more convenient than Jones' chosen forum. *Id.* at 1-2. More specifically, Jones first argues that Hartford has failed to *prove*, through deposition, affidavit, or otherwise, its assertions regarding convenience.

*Id.* at 3. Jones then cites *Nicolas v. MCI Health and Welfare Plan No. 501*, 453 F. Supp. 2d 972, 974 (E.D. Tex. 2006) for the proposition that the ERISA venue provision is "expansive" and requires Jones' choice of forum to be weighed heavily. Jones then concedes that there is a "slight possibility" that the two doctors mentioned by Hartford will be called to testify live at trial, but Jones argues that "the convenience of the other witnesses outweighs that of these two highly unlikely live trial witnesses." Dkt. No. 17, at 6. Jones additionally argues that the alleged wrong was committed in the Eastern District of Texas and that each citizen within that district has an equal interest in the case. *Id.* at 8. Jones further contends that many of the witnesses will only be allowable at trial if *de novo* review is granted. *Id.* at 6. Finally, Jones contends that a transfer would delay the case and cause prejudice to Jones. *Id.* at 8.

First, the Court finds Jones' reading of *Nicolas* is misguided. Although this case does state that Congress intended for the "venue provisions for ERISA claimants to be broad," the intent was "to remove procedural obstacles to claimants." *Nicolas*, 453 F. Supp. 2d at 974. Yet Jones fails to show that the Sherman division would be such an "obstacle." Further, the *Nicolas* case dealt with a motion to dismiss for improper venue, discussing the ERISA venue statute in terms of "ready access to the courts." 453 F. Supp. 2d at 973. The argument here is not one of jurisdiction—clearly Jones has access to either the Marshall or Sherman court. The question is, rather, which forum is more convenient. In sum, the Court finds no merit to Jones' ERISA venue provision argument.

The Court finds Hartford has established that the Sherman Division is clearly a more convenient venue for this case. Jones' argument that Hartford has failed to *prove* its assertions rings hollow because Jones does not dispute any of the mileage information contained in Hartford's

papers, and Jones relies substantially on authority outside of the Fifth Circuit for its legal analysis. Further, Hartford relies on sufficient evidence, such as Plaintiff's Complaint, affidavits and documents from Hartford's claim file, Eastern District of Texas websites, and other websites that show mileage between two locations, to show that Sherman is clearly more convenient for the two doctors, and to the plaintiff. *See* Dkt. No. 11, which cites to Exhibits 1 & 2. Hartford also shows that the proximity of the DFW airport—a major airport offering a substantial number of direct flights at a lower cost—to Sherman makes the Sherman Division more convenient for Hartford's representatives that must travel regardless of where the trial is held. The Court additionally finds that the local interest factor also weighs in favor of transfer, due to Jones' residence and presumed previous employment within or near to the Sherman Division. Finally, the Court has not considered Jones' alleged prejudice due to delay because Hartford's Motion was timely filed.

## IV. CONCLUSION

Because Hartford has shown good cause for transfer, demonstrating that the Sherman Division of the Eastern District of Texas would clearly be a more convenient venue than the Marshall Division, Hartford's Motion to Transfer Venue (Dkt. No. 11) is hereby **GRANTED**. This case is hereby transferred to the Sherman Division of the Eastern District of Texas.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of February, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PAMELA SHEPARD, Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 2:09-CV-162 (TJW) |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY F/N/A CNA GROUP LIFE ASSURANCE COMPANY, Defendant. | § § § § § § | |

**ORDER**

Before the court is Defendant Hartford Life and Accident Insurance Company F/N/A CAN Group Life Assurance Company's ("Hartford Life") Motion to Transfer Venue to the Eastern District of Eastern District of Texas, Sherman Division. (Dkt. No. 12) The court GRANTS Hartford Life's Motion.

The Fifth and Federal Circuits have recently enunciated the standard to be used in deciding Motions to Transfer Venue. *See In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc); *See In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to rulings on transfer motions out of this circuit). Under this law, this case is appropriate for transfer. The plaintiff is in the Sherman Division, the defendant is in Connecticut, and witnesses are in Dallas, Florida, New York and Connecticut. The Sherman Division is 50-60 miles from the Dallas witnesses and closer than Marshall to the Dallas-Fort Worth Airport, which can provide non-stop flights to all out-of-state witnesses. The plaintiff has connections in the Sherman Division, as she resides there, but has no connections to

the Marshall Division. The plaintiff has failed to show greater convenience or a sufficient connection to this District that would warrant denying transfer.

Accordingly, Hartford Life has met its burden of showing it is clearly more convenient for this case to proceed in the Eastern District of Texas, Sherman Division. *See In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008). The Motion, therefore, is GRANTED and this case is transferred to the Sherman Division.

SIGNED this 27th day of August, 2009.

T. John Ward

T. JOHN WARD
UNITED STATES DISTRICT JUDGE