**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| CORONADO ALANIZ, JR. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:18-cv-297 |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO TRANSFER VENUE**

**MARC WHITEHEAD & ASSOCIATES**
**ATTORNEYS AT LAW, LLP**
5300 Memorial Drive, Suite 750
Houston, TX 77007

ATTORNEYS FOR PLAINTIFF
Corando Alaniz, Jr.

By and through the undersigned counsel, Plaintiff Westley Gonce respectfully submits this Memorandum of Law in opposition to Defendant's motion to dismiss or transfer venue.

## I. PRELIMINARY STATEMENT

Defendant's motion to dismiss Plaintiff's complaint or transfer venue relies on broad misstatements and misapplications of both statute and case law. Defendant has purposely availed itself to personal jurisdiction in the District of Texas, as it conducts business here. To the extent Defendant denies this, Plaintiff requests discovery into facts demonstrating that Defendant resides and may be found in the Eastern District of Texas.

As discussed more fully below, venue is proper in the Eastern District of Texas, because Defendant resides and may be found here. Further Defendant is licensed by the Texas Department of Insurance and issues insurance policies throughout the State of Texas, including both federal districts at issue; and (3) Defendant operates in Texas through its employees at the offices of affiliated companies.

In addition, the Eastern District of Texas is not an inconvenient venue. This is an administrative record case that is typically decided on summary judgment. Since there is very limited discovery or witness testimony, the Eastern District of Texas presents no inconvenience. Accordingly, Defendant's motion to dismiss or transfer venue should be denied.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

The Complaint in this action seeks an award of long-term disability ("LTD") benefits to Plaintiff under the terms of the Long-Term Disability group policy (the "Plan"), providing benefits to employees of the Linn Operating, Inc.

In his Complaint, Plaintiff alleges that Defendant is a corporation licensed by the Texas Department of Insurance to transact the business of insurance, and that Defendant

transacts the business of insurance in Texas. The Texas Department of Insurance publishes a status of licensed insurance companies at https://apps.tdi.state.tx.us/pcci/pcci_show_profile.jsp?tdiNum=47860 (Certification of Anthony Vessel ("Vessel Cert.") ¶ 1, Exhibit 1). The status page includes "Liberty Life Assurance Company of Boston" at "100 Liberty Way, Dover NH 03820." Id. Under 29 U.S.C. § 1132(e)(2), allowing for an action to "be brought in the district where the Defendant resides or may be found," venue in Texas is appropriate. In the event Defendant denies this, Plaintiff requests discovery to determine the nature and extent of Defendant's contacts and activities in the Eastern District of Texas.

## III. LEGAL ARGUMENT

### A. Defendant Bears the Burden of Showing that the Proposed Alternate Forum is More Convenient than the Eastern District of Texas

Under 28 U.S.C. § 1404(a), the court must take into account a wide range of public and private interests when determining if a transfer to a new venue is appropriate. The Fifth Circuit has identified the following private factors as being significant to the § 1404(a) analysis:

> [1] Plaintiff's forum preference; [2] the convenience of the parties and material witnesses ; [3] the place of the alleged wrong; [4] the cost of obtaining the attendance of witnesses and availability of compulsory processes; [5] the accessibility and location of sources of proof; and [6] the possibility of delay and prejudice if transfer is granted.

*In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)* (citations omitted). Among the public factors that courts consider are the following:

> [1] [T]he enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in

> the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

"[B]efore this Court can order a [convenience] transfer, the defendants must carry a strong burden to prove that [the convenience] factors clearly favor such a change." TV–3, Inc. v. Royal Ins. Co. of America, 28 F.Supp.2d 407, 411 (E.D.Tex.1998). A plaintiff's right to choose a forum is "well-established," and the choice is usually highly esteemed. In re Triton, 70 F.Supp.2d at 688 (quoting Texas Instruments, Inc. v. Micron Semiconductor, 815 F.Supp. 994, 996 (E.D.Tex.1993)).

**B. <u>Venue is Proper in the Eastern District of Texas</u>**

Plaintiff filed in this district because Defendant "may be found" within all Federal Districts of Texas, with significant ties to this location. In relevant part, 29 U.S.C. § 1132(e)(2), the venue provision of ERISA, states:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Defendant in fact does business throughout Texas. Defendant "may be found" in all four federal districts. Defendant is a corporation licensed by the Texas Department of Insurance to transact the business of insurance, and it transacts the business of insurance throughout Texas. (Vessel Cert." ¶ 1, Exhibit 1). Defendant fails to address whether its presence and activities in Texas are sufficient to support a finding that it may be found in Texas.

Because Defendant may be found in Texas, venue is proper. Accordingly, Defendant's motion to dismiss or transfer venue should be denied.

**C. <u>The Private Factors Weigh Against Transfer of Venue</u>**

For the following reasons, the private factors weigh against transferring this case. "To begin, the plaintiff is generally entitled to choose the forum." *Peteet v. Dow Chemical co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) Second, with respect to Defendant's preference, Defendant acknowledges that it does business throughout Texas. Defendant lists the differences of distance and perceived difficulties of travel to Beaumont, Texas as opposed to Houston, TX. However, this factor is neutral. Defendant admits that there is an airport in Beaumont and there are two in Houston. Being a former Beaumont resident, and currently a Houston resident, Plaintiff's counsel can attest to traffic and congestion of Houston would actually impede Defense counsel's easy of ground travel much more than Beaumont. Defense counsel would likely be flying into either venue, so it's possible that Beaumont could be an even more convenient forum for Defense counsel than Houston.

The same is true for the third factor, whether the claim arose elsewhere. This claim arises under a federal law that extends national jurisdiction to all federal district courts, and preempts state laws. In ERISA cases, there is typically very few, if any, in person proceedings for parties, witnesses, or even counsel to attend. The fact that ERISA provides for venue where a claim arose and in another other district where a defendant may be found indicates that Congress intended for a different type of venue analysis, which does not give weight favoring transfer of venue merely because the claim arose elsewhere.

The fourth factor considers the cost of obtaining the attendance of witnesses and availability of compulsory process. This factor is neutral as this is generally an administrative record case in which any interaction pertaining to discovery or witnesses would be done electronically or via post. Therefore, proximity to witnesses should have no impact on venue analysis.

The fifth factor considers locations of sources of proof. Defendant conceded that this factor is neutral. The sixth factor considers possibility of delay and prejudice if transfer is granted. Again Defendant conceded this factor was neutral. However, this factor weighs heavily in favor of plaintiff. The motion to transfer venue has already caused a disruption in the case before the Court. If granted, it would take additional time and resources for parties and the new Court to become familiar with this case and conduct proceedings necessary for accepting this case into the new venue. Additionally, it would cost this Court time and resources to effectuate the transfer.

**D. <u>The Public Factors Weigh Against Transfer</u>**

Analysis of the public factors also weighs against transferring venue. Factor 1 requires analysis of administrative difficulties flowing from court congestion. Defendant asserts that the judge to civil caseload ratio warrants a transfer. However, this analysis is short-sighted. The better statistic to consider for this factor is the average disposition time of civil cases from filing to disposition. That statistic is 7.8 months for the Southern district as compared to 8.5 months in the Eastern district. (See Pl. Ex. 3) Admittedly the Southern district is slightly faster at reaching dispositions, however, the difference is negligible.

Factor 2 considers the local interest of disputes being decided at home. There is no reason why a judgment in this case would not be equally enforced in the Southern district and Eastern district. Both fall under the 5th circuit and a judgement in either district would be persuasive authority to the other. Factor 3 is conceded as neutral by the Defendant, but it actually weighs against transfer as there is no difference with regard to familiarity of the forum with the law that will govern the case. ERISA is a federal statute that would be applied identically in either district of Texas. Factor 4 offers no support for an argument

to transfer. Again, there would be no conceivable problem in regard to any difference of law being applied or conflicts therein. This factor also weighs against transfer.

Thus, with the balance of the public and private factors weighing against transfer, the Court should deny Defendant's motion to dismiss or transfer venue.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss or Transfer Venue. Alternatively, Plaintiff requests an Order granting discovery of facts demonstrating that Defendant may be found in the District of Texas.

Respectfully submitted,

By: /s/ J. Anthony Vessel .

**MARC WHITEHEAD & ASSOCIATES**
**ATTORNEYS AT LAW, LLP**

J. Anthony Vessel
Tex. Bar I.D. No. 24084019
Fed. Bar I.D. No. 1692384
5300 Memorial Drive, Suite 725
Houston, TX 77007

Tel. 713-228-8888
Fax 713-2250940
Email: anthony@marcwhitehead.com

ATTORNEYS FOR PLAINTIFF
Coronado Alaniz, Jr.

Dated: August 14, 2018